Edward E. **FORD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–02–00327–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 31, 2003.

Windi Akins Pastorini, Houston, for appellant.

Kevin P. Keating, Houston, for appellees.

Panel consists of Justices YATES, HUDSON, and FROST.

## OPINION

LESLIE BROCK YATES, Justice.

Appellant, Edward E. Ford, was convicted by a jury of the felony offense of evading arrest and was sentenced by the trial court to 25 years' imprisonment. In three points of error, appellant claims the trial court erred by (1) permitting the State to introduce evidence of appellant's stipulation to a prior conviction, (2) denying appellant's request for a jury instruction on necessity, and (3) denying appellant's request for a jury instruction on self-defense. We affirm.

## Background

On September 5, 2001, Officer Madrid of the Houston Police Department was dispatched to a Shell service station on the North Freeway to investigate reports of a male harassing customers and possibly selling drugs. Upon arrival, Officer Madrid approached appellant and asked for his identification, which he provided. The officer proceeded to the adjacent Mobil station, when he noticed appellant had moved his car across the street to the Olympic Motel, a place identified as well-known for drugs and prostitution. After running appellant's license plates, the officer was notified that they were not the current plates issued to that vehicle. Madrid then observed appellant pulling into a little grocery store down the street.

Madrid pulled in behind appellant and again asked for his identification. As he ran a check of appellant's identification, Madrid asked appellant to step away from the vehicle. The computer check revealed appellant had open city warrants. The officer then asked appellant to sit in the backseat of the patrol car so that the officer could write appellant a traffic ticket for the expired registration. Appellant refused, jumped into his own car, and locked the doors. After Madrid observed appellant reach below the seat, Madrid drew his weapon, and ordered appellant to show his hands. Instead, appellant started his vehicle, began to pull away, and clipped the front end of Madrid's patrol car. A police chase ensued resulting in appellant colliding with one patrol car and ending with Madrid rear-ending appellant. Appellant then ran from the vehicle with Officers Jackson and McFarlane in pursuit. They chased appellant into a nearby apartment complex where he was caught and placed under arrest. Appellant was charged with evading arrest (from Jackson) and failure

to stop and render aid. The jury acquitted appellant of failure to stop and render aid and convicted him of evading arrest.

## Evidence of Prior Conviction

Appellant argues in his first point of error that the trial court erred in allowing the State to read an enhancement paragraph to the jury that alleged a prior conviction for evading arrest and in permitting the State to introduce evidence of the prior conviction at the guilt/innocence phase of trial. Appellant signed a written stipulation stating that he was convicted of a prior evading arrest offense. Appellant then sought to exclude any mention of the stipulation or prior offense from the guilt/innocence phase of the trial. Prior to trial, the trial court denied appellant's motion in limine and granted appellant's running objection to the introduction of this evidence. The State, on appeal, argues error was waived because appellant did not object at the time the evidence was offered at trial.

■ In general, a running objection to evidence is sufficient to preserve error. *Ethington v. State,* 819 S.W.2d 854, 858 (Tex.Crim.App.1991). A pre-trial motion in limine does not qualify as a running objection. *See Gilchrest v. State,* 904 S.W.2d 935, 938 (Tex.App.-Amarillo 1995, no pet.). However, in this case trial counsel specifically requested a running objection to the introduction of evidence addressed in the motion in limine and the trial court granted counsel's request. Because the trial court granted appellant's running objection to the admission of evidence that he now complains of on appeal, we find the State's contention that error was waived to be without merit.

■ Appellant first argues the prior conviction constitutes an enhancement rather than an element of the crime and therefore should have been presented only at the punishment phase of the trial. The elements of the offense of felony evading arrest under section 38.04(a), (b)(2) are: (1) the actor intentionally fled from a person he knew was a peace officer attempting to lawfully arrest him; (2) the actor used a vehicle in fleeing from the officer; *and* (3) the actor has been previously convicted under section 38.04. TEX. PEN.CODE ANN. §§ 38.04(a), (b)(2)(A) (Vernon Supp. 2002) (emphasis added). The language in section 38.04(b)(2) that makes the offense of evading arrest a third-degree felony is an element of the offense, rather than an enhancement provision, such as can be found in section 12.42 of the Texas Penal Code. *See* TEX. PEN.CODE ANN. § 12.42 (Vernon 2002) (providing penalties for repeat and habitual felony offenders). The statute's language, structure, subject matter, context, and history make it clear that a prior conviction constitutes an element of the felony offense of evading arrest. *See Throneberry v. State,* 72 S.W.3d 389, 392 (Tex.App.-Fort Worth 2002, pet. dism'd); *State v. Atwood,* 16 S.W.3d 192, 195–96 (Tex.App.-Beaumont 2000, pet. ref'd).

As an element, the prior conviction not only must be included in the indictment, but also must be proved at trial. *Atwood,* 16 S.W.3d at 196. Here, appellant stipulated to the existence of the prior evading arrest conviction the State was required to prove, and he requested that the trial court prevent the State from introducing evidence regarding it. Therefore, the question presented is whether the trial court erred in allowing the State to read the enhancement allegation to the jury and in allowing the State to introduce the stipulation into evidence.[1]

1. The Stipulation of Evidence read, in relevant part: "I, Edward E. Ford, have been

convicted on October 18, 1996 in cause no. 9644871 in the County Criminal Court of Law

The State introduced the stipulation while questioning appellant as to whether he had agreed to it.[2] The State also argued in closing that a required element of the offense was a prior conviction and that the defendant had stipulated to having such a conviction, which results in a higher degree of punishment.[3] There was no other mention of the conviction and no details regarding it were admitted into evidence.

Appellant points to *Robles v. State* as advancing the proposition that the stipulation may not be entered into evidence. 85 S.W.3d 211 (Tex.Crim.App.2002). We disagree with this interpretation. *Robles* does not prevent the admission of stipulations, but only judgments or other extrinsic evidence. There, the trial court admitted evidence of prior judgments that contained information beyond a mere stipulation regarding the prior conviction. The Court of Criminal Appeals noted that a "jury could have gleaned, during the guilt-innocence phase, that the DWI charged here was the appellant's fifth alcohol-related offense and that appellant had not served his full term for his last prior conviction." *Id.* at 213. This extraneous evidence is prejudicial and possesses no probative value. *Id.* The *Robles* court noted that it was appellant's stipulation that made the prior conviction evidence unnecessary. *Id.* at 212. It did not, however, rule that the State need not, nor should not, admit the stipulation

to a jurisdictional prior conviction into evidence.

In a case where a defendant agrees to stipulate to the prior conviction, it is proper for the State to "read the indictment at the beginning of trial, mentioning only the jurisdictional prior conviction, but it is foreclosed from presenting extraneous evidence of the conviction during its case-in-chief." *Tamez v. State,* 11 S.W.3d 198, 202 (Tex.Crim.App.2000); *see also Hernandez v. State,* 109 S.W.3d 491 493–494 (Tex.Crim.App.2003); *Delatorre v. State,* No. 14–01–01242–CR, 2003 WL 21402545, at *1 (Tex.App.-Houston [14th Dist.] June 19, 2003, pet. filed) (memorandum opinion). Here, the State read the jurisdictional allegation to the jury and introduced evidence only of the stipulation, not the underlying offense. Accordingly, the trial court did not err in overruling appellant's objections to the evidence. We overrule appellant's first point of error.

### Failure to Give Jury Instructions

In his second and third points of error, appellant claims the trial court erred in failing to give jury instructions on the defenses of necessity and self-defense. Appellant testified at trial and characterized the officer as being belligerent and harassing from the beginning of their encounter. When Officer Madrid asked ap-

---

No. 12 of Harris County, Texas, of the offense of evading arrest."

**2.** The State's cross-examination included the following:

Q. Okay. Mr. Ford, you stipulated in State's Exhibit 1 that you'd been convicted of the misdemeanor offense of evading from the police in 1996; is that correct?

A. I stipulated that?

Q. Is that true?

A. I don't understand your question. Are you asking me have I?

Q. You agree with that?

A. Yes, sir.

Q. That happened?

A. Yes, sir.

Q. And you filled out—signed the stipulation that you did that?

A. Yes, sir.

**3.** In closing, the State presented the following: "And I also have to prove to you he was previously convicted of evading arrest, the misdemeanor that he stipulated to. That makes it a third degree felony. He has done it before."

pellant to sit in the patrol car and he refused, appellant claims the officer "went off" and ran towards him with a drawn pistol. Appellant testified further that Officer Madrid tried to open appellant's locked car door, kicked the car, and continued to point the gun towards him. Appellant claims he then threw his hands in the air and begged the officer not to shoot him. Appellant purportedly believed Officer Madrid intended to kill him and, therefore, appellant fled in his vehicle to his sister's apartment.

■ "It is well settled that an accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence." *Granger v. State*, 3 S.W.3d 36, 38 (Tex.Crim.App.1999). This rule is designed to ensure that the jury, not the judge, will decide the relative credibility of the evidence. *Miller v. State*, 815 S.W.2d 582, 585 (Tex.Crim.App.1991) (op. on reh'g). When evidence from any source raises a defensive issue and the defendant requests a jury charge on that issue, the trial court must submit the issue to the jury. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex.Crim.App.1993). When the evidence fails, however, to raise a defensive issue, the trial court commits no error in refusing a requested instruction. *Kunkle v. State*, 771 S.W.2d 435, 444 (Tex.Crim.App. 1986).

### Necessity

■ Appellant argues in his second point of error that the trial court erred in excluding from the jury charge instructions on necessity. To raise the necessity defense, a defendant must admit that he committed the offense charged and then offer the alleged necessity as a justification

for his conduct. Necessity is a statutory defense that exonerates a person's otherwise illegal conduct. *Young v. State*, 991 S.W.2d 835, 838 (Tex.Crim.App.1999). Conduct is justified by necessity if: (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm, (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct, and (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear. Tex. Pen.Code Ann. § 9.22 (Vernon 1994); *Young*, 991 S.W.2d at 839.

The issue is whether appellant "reasonably believed his conduct was necessary to avoid imminent harm." *Maldonado v. State*, 902 S.W.2d 708, 712 (Tex.App.-El Paso 1995, no pet.). Although appellant admitted running from Madrid and damaging the patrol car in the process, he presented no evidence that he reasonably believed locking himself in his car and then fleeing was immediately necessary to avoid imminent harm. When appellant began his attempted escape, the officer had asked him merely to take a seat in the back of the patrol car. Madrid had not pulled his weapon, handcuffs, or even moved towards the appellant. When appellant sat in his own car and closed and locked the door in direct disobedience of the officer, Madrid ran towards the vehicle shouting. The officer only pulled his weapon when appellant appeared to be reaching under his seat. At this point appellant started his vehicle and fled. Therefore, appellant did not demonstrate that his actions were necessary to avoid imminent harm and the first element of the defensive issue has not been met. Further, appellant was charged with fleeing from Jackson; however, at trial appellant only admitted to fleeing

from Madrid. Madrid originally stopped appellant and caused the purported "necessity" to flee. Appellant provides no evidence as to why he needed to flee from Jackson; therefore, such an instruction was properly omitted. *See Auston v. State,* 892 S.W.2d 141, 145 (Tex.App.-Houston [14th Dist.] 1994, no pet.); *Leach v. State,* 726 S.W.2d 598, 600 (Tex.App.-Houston [14th Dist.] 1987, no pet.).

 Furthermore, one who unlawfully avoids police detention simply cannot claim that his criminal conduct is a necessary response to the legitimate police action that his illicit flight spawns. *Maldonado,* 902 S.W.2d at 712. We hold that one who provokes the difficulty, or is responsible for having placed himself in the position from which he attempts to extricate himself by committing a criminal offense, is not entitled to a charge authorizing his acquittal of that offense based upon necessity. *Leach,* 726 S.W.2d at 600. Appellant's second point of error is overruled.

### *Self–Defense*

In appellant's third point of error he argues the trial court erred in not giving an instruction on self-defense. *See* Tex. Pen.Code § 9.31 (Vernon Supp.1994). Self-defense is a justification of one's actions that necessarily requires admission that the conduct occurred. *See Young,* 991 S.W.2d at 838; *MacDonald v. State,* 761 S.W.2d 56, 60 (Tex.App.-Houston [14th Dist.] 1988, pet. ref'd). Self-defense is inconsistent with a denial of the conduct. *Sanders v. State,* 707 S.W.2d 78, 81 (Tex. Crim.App.1986). To raise the issue of self-defense, appellant must admit the committed offense and then offer self-defense as justification. *Anderson v. State,* 11 S.W.3d 369, 372 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).

Here, appellant did not admit to evading arrest from Officer Jackson nor did he present evidence on the issue of self-defense. When the prosecutor specifically asked appellant if he was admitting he intentionally fled from Jackson he responded, "I can't admit that. He never was behind me." Appellant presented nothing in the way of an explanation as to why he needed to flee in self-defense. Because appellant did not admit the offense as charged and then offer justification for it, the issue of self-defense was not raised and the trial court did not err in denying the instruction. *See id.* at 372. Appellant's third point of error is overruled.

The trial court's judgment is affirmed.