Affirmed and Opinion filed July 20, 2006








Affirmed and Opinion filed July 20, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00181-CR

____________

 

GEORGE HERNANDEZ, JR. , Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 1260135

 



 

O P I N I O N

Appellant, George Hernandez, Jr., appeals from his
conviction for assault on a family member.  After a jury found him guilty,
appellant was sentenced to 180 days in jail, probated for fifteen months, with
ten days to be served in jail as a condition of the probation. In five issues,
appellant contends that (1) the evidence was legally insufficient to sustain
his conviction, (2) the evidence was factually insufficient to sustain his
conviction, (3) the trial court erred in refusing to instruct the jury on the
law of self-defense, (4) the trial court erred in refusing to instruct the jury
on the law of defense of a third person, and (5) certain questions by the
prosecutor violated his right to remain silent.  We affirm.








Background

Appellant was charged with assaulting AKaren Secura@ by choking her
with his hand.  At trial, Deputy Aaron Acosta testified that on September 22,
2004, he responded to a family disturbance call that led him to the home of
appellant and Karen Segura.  Acosta knocked on the door and was met by a crying
woman who identified herself as AKaren Segura.@  He observed
marks on her neck that were consistent with Astrangulation.@  After speaking
with Segura, Acosta believed that she had been assaulted by appellant.

Segura testified that her last name is spelled AS-E-G-U-R-A.@  She stated that
appellant threw her cell phone at her head after examining the text messages on
the phone.  She testified that the cell phone=s impact had
caused pain, but it did not last long.  She then testified that she may have
hit appellant first, that she pushed appellant, and that he threw her on the
bed and proceeded to choke her.  She said that the choking caused pain.  Segura
acknowledged that she voluntarily signed a statement that said appellant had
not hurt her.  Segura thought that the statement would Acancel the charges
on [appellant].@

Appellant testified that before he grabbed Segura, she had
hit him repeatedly on the head and face.  He stated that her arms were swinging
wildly and his reaction was to hold her down.  Appellant denied throwing Segura
on the bed, instead claiming that they lost their balance and fell after he tried
to restrain her.  Appellant testified that he grabbed Segura in order to
protect himself.  Appellant denied throwing the cell phone at Segura and denied
that he choked her or otherwise touched her neck during the encounter. 
Appellant also testified that he was concerned for the safety of his child, who
was in the room, and was worried that Segura=s actions might
hurt the child.








During cross-examination, the prosecutor asked appellant:  A[Y]ou never gave a
statement to the police, did you?@  Defense counsel
objected that this question implicated post-arrest silence, and the trial court
sustained the objection.  A short time later, the prosecutor asked appellant:  ASo, you didn=t go down to the
police station and tell them what happened?@  Defense counsel
objected on the same grounds again, and the court again sustained the
objection.  The prosecutor then asked appellant:  ABefore you were
arrested, you never went to the police to give them a statement did you?@  Defense counsel
objected to this as a comment on appellant=s Fifth Amendment
right to remain silent, and the trial court overruled the objection.

At the close of trial, defense counsel requested that
instructions on self-defense and defense of a third person be included in the
jury charge.  The court denied both requests.  The charge instructed the jury
that it should find appellant guilty as charged if it believed beyond a
reasonable doubt that he Aunlawfully intentionally or knowingly
[sic] caused bodily injury to Karen Secura [sic] . . . by choking [her] with
his hand.@

Legal Sufficiency

In his first issue, appellant contends that the evidence
was legally insufficient to sustain the conviction because he was charged with
assaulting AKaren Secura,@ while the testimony
at trial demonstrated that he assaulted AKaren Segura.@  Thus, appellant
raises a variance between the charging instrument and the proof at trial.  See
Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).








The Court of Criminal Appeals has decreed that a
materiality inquiry must be made in all cases involving a sufficiency of the
evidence claim that is based on a variance.  Id. at 257.  A variance
will be considered Afatal,@ and thus render
the evidence insufficient, only when it is Amaterial.@  Fuller v.
State, 73 S.W.3d 250, 253 (Tex. Crim. App. 2002); Gollihar, 46
S.W.3d at 257.  A variance is material if it (1) deprived the defendant of
sufficient notice of the charges against him such that he could not prepare an
adequate defense, or (2) would subject him to the risk of being prosecuted
twice for the same offense.  Fuller, 73 S.W.3d at 253; Gollihar,
46 S.W.3d at 257.  Generally, the prosecution=s failure to prove
the victim=s name exactly as alleged in the charging instrument
will not render the evidence insufficient to support a conviction because the
victim=s name is not a
statutory element of the underlying offense.  Fuller, 73 S.W.3d at
253-54.  The burden of demonstrating materiality in the variance context rests
with the defendant.  See Santana v. State, 59 S.W.3d 187, 194-195 (Tex.
Crim. App. 2001).

The Penal Code section governing assault does not list the
victim=s name as an
element of assault.  Tex. Pen. Code Ann.
' 22.01 (Vernon
2005).  Furthermore, appellant does not allege that the charging instrument
provided him with insufficient notice of the charges against him or subjected
him to the risk of being prosecuted twice for the same offense.  Appellant
testified at trial that he is well acquainted with the complainant and that he had
a physical encounter with the complainant on the date in question. 
Consequently, it is extremely unlikely that appellant did not realize whom he
was accused of assaulting, despite the apparent misspelling in the charging
instrument.  Additionally, the variance does not subject appellant to the risk
of being prosecuted twice for the same offense because the entire record, not
just the charging instrument, can be referred to in protecting against double
jeopardy.  Gollihar, 46 S.W.3d at 258.  Accordingly, the variance
between the charging instrument and the proof at trial is immaterial.

Appellant=s insufficiency argument is based solely
on the variance.  Having found that the variance is immaterial and must be
disregarded in a sufficiency review, we overrule this first issue without
further analysis.  See Gollihar, 46 S.W.3d at 258 (concluding
sufficiency analysis upon holding that variance was immaterial).

Factual Sufficiency








In his second issue, appellant claims that the evidence is
factually insufficient to support his conviction.  We utilize the
well-established standards of review in considering this issue.  See Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  The charge instructed
jurors to find appellant guilty if they believed that he intentionally or
knowingly caused bodily injury to complainant by choking her with his hand.  See
Tex. Pen. Code Ann. ' 22.01 (Vernon
2005) (stating that a person commits the offense of assault if he or she Aintentionally,
knowingly, or recklessly causes bodily injury to another@).  Appellant
contends that the evidence is factually insufficient because (1) Segura signed
a statement stating that appellant had not hurt her, and (2) she testified that
she hit him first.

Although Segura did indeed sign the statement and testify
that she hit appellant first, she also testified that appellant choked her,
thereby causing her pain.  Discrepancies in a witness=s testimony do not
automatically make the evidence factually insufficient; it is within the
province of the jury as fact-finder to believe certain portions of Segura=s testimony and to
disbelieve others.  See Jones v. State, 984 S.W.2d 254, 258 (Tex. Crim.
App. 1998) (stating that the jury is free to believe or disbelieve any portion
of a witness=s testimony); see also Dornbusch v. State, 156
S.W.3d 859, 872 (Tex. App.CCorpus Christi 2005, pet. ref=d) (stating that
although in-court testimony was inconsistent with prior statements, the
inconsistency did not render the evidence factually insufficient).

Furthermore, Deputy Acosta testified that the marks he saw
on Segura=s neck were consistent with Astrangulation.@  He stated that
the marks looked fresh and that it appeared as if someone had wrapped his
fingers around her neck in a choking motion.  After talking with Segura, Acosta
concluded that appellant had assaulted her.  Additionally, the jury was shown
photographs of Segura taken by a crime scene photographer on the night of the
alleged assault.  These photographs show marks on Segura=s neck, thus
corroborating the testimony of Segura and Acosta.  Unless the available record
clearly reveals that a different result is appropriate, an appellate court must
defer to the jury=s determination concerning how much weight
to give contradictory testimonial evidence.  Johnson, 23 S.W.3d at 11. 
Based on the foregoing, we find that the evidence was factually sufficient to
support the conviction.  Accordingly, we overrule appellant=s second issue.[1]

Instruction on Self-Defense








In his third issue, appellant contends that the trial court
erred in refusing to instruct the jury on the law of self-defense. 
Specifically, appellant argues that since Segura testified that she was the
first to strike, and he testified that his only reaction was to restrain her,
he was entitled to a self-defense instruction under section 9.31 of the Texas
Penal Code.  See Tex. Pen. Code
Ann. ' 9.31 (Vernon 2005).[2] 
Generally, a defendant is entitled to an instruction on self-defense whenever
the evidence raises the issue, regardless of whether that evidence is strong or
weak, unimpeached or contradicted, and regardless of what the trial court may
think about the credibility of the defense.  Hamel v. State, 916 S.W.2d
491, 493 (Tex. Crim. App. 1996).  However, self-defense is inconsistent with
denial of the conduct alleged.  Ford v. State, 112 S.W.3d 788, 794 (Tex.
App.CHouston [14th
Dist.] 2003, no pet.).  Thus, in order for the evidence to have raised the
issue of self‑defense, a defendant must have first admitted that he or
she committed the charged offense and then offered self‑defense as a
justification for the conduct.  Id.








Here, appellant does not assert that he admitted the
charged offense at trial.  Both the charging instrument and the jury charge
alleged that appellant assaulted the complainant by intentionally or knowingly
causing her bodily injury by choking her with his hand.  At trial, appellant
denied that he choked Segura or even touched her neck, and he denied intending
to hurt her.[3] 
In fact, he only admitted that he grabbed her and they lost their balance and
fell on the bed.  Because appellant expressly denied the only allegedly assaultive
conduct charged, we find that he was not entitled to a jury instruction on
self-defense.  See id. (holding that defendant was not entitled to a
self-defense instruction because he did not admit the offense as charged and
then offer justification for it); see also Young v. State, 991
S.W.2d 835, 839 (Tex. Crim. App. 1999) (holding that defendant was not entitled
to a defensive instruction because the defendant did not admit that he
performed the actions as alleged by the State); McGarity v. State, 5
S.W.3d 223, 227 (Tex. App.CSan Antonio 1999, no pet.) (holding that
defendant was not entitled to a defensive instruction because although he
admitted throwing the complainant on the bed, he did not admit striking the
complainant in the face, which was the specific conduct charged).  We overrule
appellant=s third issue.

Instruction on Defense of a Third Person

In his fourth issue, appellant contends that the trial
court erred in refusing to instruct the jury on the law of defense of a third
person as described in section 9.33 of the Texas Penal Code.  See Tex. Pen. Code Ann. ' 9.33 (Vernon
2005).  Appellant bases this contention on his testimony that he restrained
Segura, in part, because he feared for the safety of his child, who was in the
room at the time of the confrontation.  Our analysis of appellant=s third issue
appears equally applicable to his fourth issue.  Like self-defense, defense of
third persons is a justification defense.  See id. '' 9.31, 9.33; Burkett
v. State, 179 S.W.3d 18, 27 n.1 (Tex. App.CSan Antonio 2005,
no pet.).  As explained above, in order to be entitled to a jury charge on a
justification defense, a defendant must have first admitted that he or she
committed the charged offense and then have offered a justification for the
conduct.  See Reich‑Bacot v. State, 976 S.W.2d 678, 679 (Tex.
Crim. App. 1998); Ford, 112 S.W.3d at 794.  Here, appellant does not
assert that at trial he admitted the charged offense; in fact, at trial, he
expressly denied the only allegedly assaultive conduct charged.  Accordingly,
we overrule appellant=s fourth issue.

Right to Silence

In his fifth issue, appellant contends that the trial court
erred in permitting the State to ask him whether he had contacted the police
regarding being attacked by the complainant.  Appellant asserts that this
questioning violated his right to silence under the Fifth Amendment of the
United States Constitution.  Specifically, appellant points to a portion of the
record where he objected to three successive questions posed by the prosecutor:
(1) A[Y]ou never gave a
statement to the police, did you?@; (2) ASo, you didn=t go down to the
police station and tell them what happened?@; and (3) ABefore you were
arrested, you never went to the police station to give them a statement, did
you?@








In his brief, appellant acknowledges that the third
question was not objectionable because it inquired about his pre-arrest
silence.  See Jenkins v. Anderson, 447 U.S. 231, 238 (1980) (holding
that the use of pre-arrest silence to impeach a defendant=s credibility does
not violate the Fifth Amendment).  Furthermore, the trial court sustained
defense counsel=s objections to the first two questions. 
Defense counsel did not then request an instruction to disregard or move for a
mistrial.  To preserve an issue for appeal, a timely objection must be pursued
to an adverse ruling.  Tex. R.
App. P. 33.1(a)(2); Haley v. State, 173 S.W.3d 510, 516 (Tex.
Crim. App. 2005).  When a party=s objection is sustained, there is no
adverse ruling.  See Caron v. State, 162 S.W.3d 614, 617 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  To reach the level of an adverse ruling when an
objection has been sustained, counsel must ask for an instruction to disregard,
and if the instruction is given, counsel must then move for a mistrial.  Wilson
v. State, 179 S.W.3d 240, 256 (Tex. App.CTexarkana 2005, no
pet.).  Because defense counsel failed to obtain an adverse ruling, nothing was
preserved for appeal.  Accordingly, we overrule appellant=s fifth issue.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Opinion filed July 20, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant does not explain how Segura=s statement that she may have struck appellant first
renders the evidence factually insufficient.





[2]  Segura actually testified that the altercation began
when appellant threw her cell phone at her, hitting her in the head, and that
she may have hit appellant first.





[3]  Appellant also denied throwing a cell phone at
Segura.