Affirmed and Memorandum Opinion filed September 9, 2008








Affirmed and Memorandum Opinion filed September 9, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00321-CR

_______________

 

ADRIAN DEVAUGHN WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 1082172

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N








A jury
found appellant, Adrian Devaughn Williams, guilty of felony assault on a public
servant.  The trial court assessed punishment of twenty years= confinement.  In five issues,
appellant contends (1) the evidence is legally insufficient to support the
conviction, (2) the evidence is factually insufficient to support the
conviction, (3) the trial court erred by denying a requested jury instruction
on the lesser-included offense of misdemeanor assault, (4) the trial court
erred by denying a requested jury instruction on self-defense, and (5) the
trial court erred by shackling appellant without a manifest need.  All
dispositive issues are clearly settled in law.  Accordingly, we issue this
memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

I. Background

On
August 27, 2006, while complainant, Houston police officer Christopher Rohling,
was on patrol in northwest Houston a woman waved, signaling him to stop.  The
woman informed Officer Rohling of a disturbance by a nude man who was singing
in the courtyard of her apartment complex.  At the time, Officer Rohling was
driving a marked patrol car, wearing a Houston police uniform, and armed with a
service pistol, taser, pepper spray, baton, and small Aholdout@ pistol.

            Officer
Rohling testified that, as he entered the courtyard, he observed appellant on a
stairway.  Apparently, appellant  was wearing no clothing other than a pair of
shorts, which he was pulling up while ascending the stairway.  Officer Rohling
followed appellant up the stairway to the landing in front of appellant=s apartment.  Officer Rohling
identified himself as a police officer and informed appellant that he should
wear clothing while in public view.








According
to Officer Rohling, appellant started shouting and spitting, becoming visibly
angry.  Officer Rohling=s pathway to descend the stairway was cut-off when appellant
advanced towards him with his fists balled.  Officer Rohling radioed for backup
and fired his taser into appellant=s chest; however, the weapon failed
to immobilize appellant.  Appellant pulled the taser darts out of his chest and
continued to advance towards Officer Rohling.  Appellant reached Officer
Rohling before he could draw his baton.  Appellant struck Officer Rohling on
the jaw, causing him to fall backwards.  While Officer Rohling was on his back,
appellant struck him four or five more times, and then placed Officer Rohling
in a choke hold from behind.  Appellant stated, AI have to kill you; God wants you to
die.@  As appellant continued to choke
Officer Rohling, Officer Rohling heard the snaps popping on his side holster. 
The two men struggled for Officer Rohling=s service pistol for approximately
ten to fifteen seconds before Officer Rohling succeeded in grabbing the pistol
by the barrel and throwing it off the balcony.  Struggling to breathe while in
appellant=s choke hold, Officer Rohling drew his holdout pistol from an ankle
holster and attempted to shoot appellant in the hand; however, the pistol did
not fire.  Officer Rohling then placed the gun under appellant=s chin, and appellant released
Officer Rohling from the choke hold.  Officer Rohling testified that he would
have killed appellant if appellant had failed to release him from the choke
hold.  When appellant released his grip, Officer Rohling shoved him to the
ground and struck him  because he was struggling to avoid being handcuffed. 
Officer Rohling eventually succeeded in securing and arresting appellant.

 In
contrast, appellant testified that he had been singing in the courtyard, but
when Officer Rohling approached, he was sitting in a chair on the landing in
front of his apartment.  When appellant rose from the chair and moved toward
the apartment door, Officer Rohling shot him with a taser.  Appellant removed
the taser darts and ran toward Officer Rohling.  He asked Officer Rohling why
he used the taser.  Officer Rohling then called for back-up and reached for his
gun.  Appellant placed his arms around Officer Rohling to prevent Officer
Rohling from shooting.  Appellant denied hitting or choking Officer Rohling.

Appellant=s wife, Naomi Jones, who observed the
events, also testified at trial.  According to Jones, appellant was sitting in
a chair on the porch outside their apartment when Officer Rohling approached. 
Officer Rohling shot appellant with a taser when appellant rose from the
chair.  Then, appellant removed the taser darts and ran towards Officer
Rohling.  Officer Rohling and appellant began Ascuffling@ on the porch.  When Officer Rohling
drew his service pistol, appellant succeeded in taking and throwing it off the
balcony.  Jones did not ever see appellant hit or choke Officer Rohling.

The jury
found appellant guilty of assault on a public servant.  The trial court
assessed punishment of twenty years= confinement.  This appeal ensued. 








II.  Analysis

A.        Legal and Factual
Sufficiency of the Evidence

In his
first and second issues, appellant claims the evidence is legally and factually
insufficient to support his conviction for assault on a public servant.  In
reviewing legal sufficiency of the evidence, we view all of the evidence in the
light most favorable to the verdict and determine whether a rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Salinas v.
State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  We ensure only that the
jury reached a rational decision and do not act as a second arbiter of the
weight and credibility of testimony.  Muniz v. State, 851 S.W.2d 238,
246 (Tex. Crim. App. 1993).  The jury is the sole judge of the credibility of
witnesses and is free to believe or disbelieve all or part of a witness=s testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).

In
determining factual sufficiency, we view all the evidence in a neutral light
and will set aside the verdict only to prevent manifest injustice.  Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We engage in a
two-prong test to determine whether there is some objective basis to find: (1)
that the evidence in support of the jury=s verdict, although legally
sufficient, is nevertheless so weak that the jury=s verdict seems clearly wrong and
unjust, or (2) in considering conflicting evidence, the jury=s verdict, although legally
sufficient, is nevertheless against the great weight and preponderance of the
evidence.  Id. at 417.  

A person
commits an assault on a public servant when he intentionally, knowingly, or
recklessly causes bodily injury to another person the actor knows is a public
servant while the public servant is lawfully discharging an official duty. See
Tex. Pen. Code Ann. ' 22.01(b)(1) (Vernon Supp. 2008).

 1.        Bodily Injury Requirement








Appellant
first contends the evidence is insufficient to prove he caused bodily injury to
Officer Rohling or that Officer Rohling suffered bodily injury.  ABodily injury@ is defined as Aphysical pain, illness, or any
impairment of physical condition.@  Tex. Pen. Code Ann. ' 1.07(a)(8) (Vernon Supp. 2008). 

Appellant
notes that the record is silent regarding whether any formal medical
examination was performed on Officer Rohling.  Appellant further notes the
State offered no medical, photographic, or documentary evidence demonstrating
that Officer Rohling suffered bodily injury.  Additionally, appellant and Jones
testified that appellant never struck, choked, or otherwise caused bodily
injury to Officer Rohling.  Finally, appellant asserts that the State presented
no testimony regarding bodily injury other than the testimony of Officer
Rohling and Officer Charles Corgey.  

However,
we conclude there is sufficient evidence in the record to support the jury=s implicit finding that Officer
Rohling suffered bodily injury.  Officer Rohling testified that he suffered
bruising to his face, jaw line, and neck.  He also testified that following the
incident he experienced trouble swallowing and breathing for two weeks. 
Further, Officer Corgey, who responded to Officer Rohling=s call for backup, testified that
Officer Rohling had bruises on his jaw and appeared to be disoriented after the
incident with appellant.  








The jury
was in the best position to judge the credibility of the witnesses and weigh
conflicts in the evidence, and we defer to its judgment unless the record
clearly indicates that a different result is appropriate.  See Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  Here, the jury could have
believed Officer Rohling=s and Officer Corgey=s testimony, while disbelieving
appellant and Jones, and we cannot conclude that the record clearly indicates a
different result is appropriate.  See id.  Further, what is not in
evidence is irrelevant to a determination of sufficiency of the evidence.  Chambers
v. State, 711 S.W.2d 240, 245 (Tex. Crim. App. 1986).   Accordingly, it is
irrelevant that the woman who initially flagged-down Officer Rohling did not
testify.  See id.  Further, it is irrelevant that a formal medical
examination of Officer Rohling was not completed, or that medical,
photographic, or documentary evidence demonstrating his injuries was not
offered.  See id.  In sum, we conclude the evidence is legally and
factually sufficient to support the jury=s implicit finding that appellant
caused bodily injury to Officer Rohling.

2.         Intent

Additionally,
appellant contends the evidence is legally and factually insufficient to prove
he possessed the requisite culpable mental state to support his conviction for
assault on a public servant.  As charged in the indictment, the State was
required to prove appellant intentionally or knowingly committed the offense.  See
Tex. Pen. Code Ann. ' 22.01 (Vernon Supp. 2008).  Appellant argues the evidence is
insufficient to prove he intentionally or knowingly caused bodily injury to
Officer Rohling.

However,
a jury may infer intent from a defendant=s acts, words, and conduct, from the
method of committing the crime, and from the nature of the wounds inflicted on
the victim.  Hart v. State, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). 
The jury heard testimony that appellant advanced on Officer Rohling and
threatened him with balled fists, struck Officer Rohling about the face, placed
Officer Rohling in a choke hold, told Officer Rohling AI have to kill you; God wants you to
die,@ and attempted to take Officer
Rohling=s service pistol.  This evidence is
sufficient to allow the jury to infer appellant intentionally or knowingly
caused bodily injury to Officer Rohling.  See id.








Accordingly,
after reviewing the evidence in the light most favorable to the jury=s verdict, we conclude a rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  See Jackson, 443 U.S. at 319.  Further, after
reviewing the evidence in a neutral light, we cannot conclude the evidence in
support of the jury=s verdict is so weak as to be clearly wrong and unjust, or,
in considering conflicting evidence, that the jury=s verdict is against the great weight
and preponderance of the evidence.  See Watson, 204 S.W.3d at 417.  We
overrule appellant=s first and second issues. 

B.        Lesser-Included Offense
Instruction

In his
third issue, appellant contends the trial court erred by refusing to instruct
the jury on the lesser-included offense of misdemeanor assault.  There is a
two-pronged test to determine whether a trial court is required to submit a
lesser-included offense instruction: (1) the lesser-included offense must be
included within the proof necessary to establish the offense charged, and (2)
some evidence must exist in the record that if the defendant is guilty, he is
guilty of only the lesser-included offense.  Rousseau v. State, 855
S.W.2d 666, 672 (Tex. Crim. App. 1993).  If the defendant presents more than a
scintilla of evidence sufficient for a rational jury to find him guilty of the
lesser-included offense, then he is entitled to a lesser-included offense
instruction.  Forest v. State, 989 S.W.2d 365, 367 (Tex. Crim. App.
1999).  We review all the evidence introduced at trial to determine whether the
trial court erred by failing to instruct the jury on a lesser-included
offense.  Enriquez v. State, 21 S.W.3d 277, 278 (Tex. Crim. App. 2000). 

Therefore,
we first examine the elements of assault on a public servant and misdemeanor
assault to determine whether the required elements of misdemeanor assault are
included within the proof necessary to establish assault on a public servant.  

A person
is guilty of assault on a public servant if he:

(1) intentionally, knowingly, or
recklessly

(2) causes bodily injury

(3) to a person the actor knows is a
public servant

(4) while the public servant is lawfully
discharging an official duty.

Tex. Pen. Code Ann. ' 22.01(b)(1).  

A person is guilty of misdemeanor assault
if he:

(1) intentionally, knowingly, or
recklessly








(2) causes bodily injury to another.

Tex. Pen. Code Ann. ' 22.01(a)(1).  

Accordingly,
because the required elements of misdemeanor assault are included within the
proof necessary to establish assault on a public servant, misdemeanor assault
is a lesser-included offense under the first prong of the Rouseau analysis.
See Hall v. State, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005)
(misdemeanor assault is a lesser-included offense of assault on a public
servant).  

Turning
to the second prong, we must determine whether there is some evidence in the record
that if appellant was guilty, he was guilty only of committing the lesser
offense.   Rousseau, 855 S.W.2d at 672.  Appellant argues there is
conflicting evidence regarding whether he intentionally or knowingly caused
bodily injury to Officer Rohling and whether Officer Rohling suffered bodily
injury.  However, appellant=s cited evidence is relevant only to whether he committed an
assault, not whether he committed an assault on a public servant or the
lesser-included offense of misdemeanor assault.  Appellant is only entitled to
a lesser-included offense instruction if there is some evidence in the record
that appellant did not know Officer Rohling was a public servant or
demonstrating that Officer Rohling was not lawfully discharging his duty as a
public servant.  However, there is no such evidence in the record.  

Officer
Rohling testified that he was wearing a distinctive Houston Police Department
uniform and identified himself as a police officer when he approached
appellant.  Furthermore, appellant admitted that he knew Officer Rohling was a
police officer.  Additionally, it is undisputed that Officer Rohling was
lawfully discharging an official duty at the time of the incident.  Therefore,
there is no evidence to suggest appellant was guilty of only the lesser offense
of misdemeanor assault.  See generally Hall, 158 S.W.3d at 475B76.  We overrule appellant=s third issue.








C.        Self-Defense Instruction

In his
fourth issue, appellant contends the trial court erred by refusing to instruct
the jury on self-defense.  A defendant is entitled to an instruction on any
properly requested defensive issue raised by the evidence from any source,
regardless of whether the evidence is strong or weak, unimpeached or
contradicted, or credible or not credible.  Granger v. State, 3 S.W.3d
36, 38 (Tex. Crim. App. 1999).  However, when the evidence fails to raise a
defensive issue, the trial court commits no error by refusing a requested
instruction.  Muniz, 851 S.W.2d at 254.  A reviewing court must decide
whether the evidence adduced by either party, when viewed in the light most
favorable to a defendant, is sufficient to raise the issue of self-defense.  See
Granger, 3 S.W.3d at 38.

A person
is justified in using force against another person in self-defense when and to
the degree the actor reasonably believes the force is immediately necessary to
protect himself against the other=s use or attempted use of unlawful
force.  See Act of June 19, 1993, 73rd Leg. R.S., ch. 900, ' 1.01, 1993 Tex. Gen. Laws 3586,
3598, amended by Act of March 27, 2007, 80th Leg., R.S., ch. 1 ' 5, 2007 Tex. Gen. Laws 1, 2
(codified as an amendment of Tex. Penal Code Ann. ' 9.31 (Vernon Supp. 2008)).[1] 
However, self-defense is a justification for one=s actions and necessarily requires an
admission that the alleged conduct occurred.  Ex parte Nailor, 149
S.W.3d 125, 133B34 (Tex. Crim. App. 2004); Ford v. State, 112 S.W.3d
788, 794 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  To be entitled to an
instruction on self-defense, an accused first must raise the issue by admitting
the conduct charged in the indictment and then offer self-defense as a
justification for the conduct.  Ford, 112 S.W.3d at 794.  








The
indictment charged appellant with assault of a public servant by striking or
choking Officer Rohling with his hand.  Although appellant testified that he Aput his arms around [Officer Rohling]
so [Officer Rohling] couldn=t shoot[,]@ appellant specifically denied choking or striking Officer
Rohling.  For the evidence to have supported submission of a self-defense
instruction, appellant was first required to admit he struck or choked Officer
Rohling as charged in the indictment.  See id.  Accordingly, appellant
was not entitled to a jury instruction on self-defense.  See id.  We
overrule appellant=s fourth issue.

D.        Shackling

In his
fifth issue, appellant contends the trial court violated the United States= and Texas= constitutions by shackling him
without a manifest need.  However, appellant has not preserved this complaint
for our review.  Generally, to preserve a complaint for appellate review, a
party must have presented the trial court with a timely request, objection, or
motion stating the specific grounds for the ruling sought.   Tex. R. App. P. 33.1; Cockrell v. State, 933
S.W.2d 73, 88B89 (Tex. Crim. App. 1996).  Even constitutional error may be waived
without proper preservation.  See Wright v. State, 28 S.W.3d 526, 536
(Tex. Crim. App. 2000);  Wiseman v. State, 223 S.W.3d 45, 49B50 (Tex. App.CHouston [1st Dist.] 2006, pet. ref=d).  

Here, we
find nothing in the record indicating that appellant objected to shackling. 
Appellant made no request or motion for the trial court to rule.  Therefore, he
waived this complaint.  See Wiseman,  223 S.W.3d at 49B50 (finding waiver of complaint that
shackling violated state constitution when no objection made at trial). We
overrule appellant=s fifth issue.

 

 

 








Having
overruled appellant=s issues, we affirm the judgment of the trial court.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum Opinion
filed September 9, 2008.

Panel consists of Justices Frost,
Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Although the legislature has amended section 9.31 of
the Penal Code, the offense for which the jury convicted appellant occurred on
August 27, 2006, which was before the September 1, 2007 effective date of the
amendment.  Accordingly, our analysis of appellant=s issues is governed by the previous version of the
statute.  See Act of June 19, 1993, 73rd Leg. R.S., ch. 900, ' 1.01, 1993 Tex. Gen. Laws 3586, 3598 (amended 2007).