Affirmed and Memorandum Opinion filed December 21, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00132-CR

___________________

 

Alonso Ordonez, Appellant

 

V.

 

THE State of Texas, Appellee



 



 

On
Appeal from the County Criminal Court at Law No. 3

Harris County,
Texas



Trial Court Cause No. 1589063

 



 

 

MEMORANDUM OPINION

            In
this appeal of his conviction for misdemeanor assault on a family member,
appellant Alonso Ordonez argues that the trial court erred in refusing his
request for jury instructions on the theories of self-defense and protection of
property.  Because these theories were not raised by the evidence, we affirm.  

I.  Background

            On March 25,
2009, approximately three months after appellant and complainant Paola Rojas ended
their seven-year relationship, Rojas dropped her daughter off at school and saw
appellant sitting in his vehicle in the school parking lot.  Rojas drove away,
but appellant followed.  When Rojas stopped at a red traffic light, appellant
exited his truck and walked to Rojas’s vehicle, but she refused to open the
door.  According to Rojas, she attempted to call 911 on her cell phone, but appellant,
who had another set of keys to the vehicle, opened the door, took the cell
phone from her, and stomped on it.  As Rojas later testified, appellant
repeatedly hit her in the head and face with a closed fist, pulled her hair,
choked her, and placed his hands over her nose and mouth as if to suffocate
her.  At some point, appellant walked back to his vehicle, and Rojas got out of
her car to retrieve her cell phone and call for help, but appellant returned,
threw her on the ground, and again punched her repeatedly in the face.  

            Motorists Patricia
Trevino and Kelly Janis each were stopped at the intersection where the
confrontation occurred and witnessed portions of these events.  Each called 911
and reported that a man was beating a woman at the intersection of FM 1960 and
Sugar Pine, and each stated that the man returned to his vehicle, drove over
the median, and left the scene.  Both Trevino and Janis were able to give
police the man’s license plate number.  Rojas also left the scene, but stopped
at a store where she saw a police officer and told him what had happened.  The
officer sent her back to the scene where she was met by Deputy T.L. Moore. 
According to Moore, Rojas was shaken, upset, and had red marks on her face and
neck.  She gave Moore appellant’s telephone number, and after Moore contacted
appellant and he failed to meet with Moore as requested, a warrant was issued
for appellant’s arrest.  He was charged with assaulting Rojas by “unlawfully
intentionally and knowingly caus[ing] bodily injury to Paola
Rojas . . . by striking [her] with his hand.”[1]

            At trial, appellant
testified that Rojas was “very violent,” and had hit him in the past.  He
stated that the vehicle she was driving on the date of the incident was his,
and that he was simply trying to get it back.  According to appellant, 

When I opened the door, I told her to give me the keys to
the car.  When I got close, then she lunged at me and she was very aggressive,
and so I was pushing her back, but she kept lunging at me and lunging at me and
that’s when she scratched me . . . .  

When asked about the red
marks Moore had observed on Rojas’s face, appellant responded, “I did not hit
her, but I don’t know that when she lunged at me and I would hold her back,
that that’s when it happened.  But she would hit me.”  

            In contrast,
neither Trevino nor Janis saw Rojas attempt to strike appellant.  Trevino
testified that she saw appellant punching Rojas repeatedly, and Janis testified
that she saw appellant “swinging crazily” with both an open hand and a closed
fist, striking Rojas in the head, face, neck, and the ribs or stomach.  Rojas also
testified that she did not hit appellant; moreover, she stated that she was the
one paying for the vehicle she was driving.  According to Rojas, the vehicle was
titled in appellant’s name only because Rojas was not an American citizen and
had no driver’s license.  

            The jury
found appellant guilty as charged and assessed punishment at 90 days’
confinement in the county jail; the trial court probated the sentence for one
year.  Appellant now appeals his conviction on the grounds that the trial court
erred in refusing to charge the jury on the defensive theories of self-defense
and protection of property.

II.  Analysis

A.        Self-Defense

            When
evidence from any source raises a defensive issue, and the defendant properly
requests a jury charge on that issue, the trial court must submit the issue to
the jury, regardless of whether the evidence is weak or strong, contradicted or
unimpeached, credible or unbelievable.  Muniz v. State, 851 S.W.2d 238,
254 (Tex. Crim. App. 1993) (en banc).  A reviewing court must decide whether
the evidence adduced by either party, when viewed in the light most favorable
to appellant, is sufficient to raise the issue of self-defense.  Granger v.
State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999).

            “[A]
defensive instruction is only appropriate when the defendant’s defensive
evidence essentially admits to every element of the offense including
the culpable mental state, but interposes the justification to excuse the
otherwise criminal conduct.”  Shaw v. State, 243 S.W.3d 647, 659 (Tex.
Crim. App. 2007).  With certain exceptions inapplicable here, a person is
justified in using force against another when and to the degree the actor
reasonably believes the force is immediately necessary to protect the actor
against the other’s use or attempted use of unlawful force.  Tex. Penal Code Ann. § 9.31 (West Supp.
2009).  To raise the issue of self-defense, appellant must admit that he
performed the conduct alleged and offer self-defense as a justification for his
actions.  See Young v. State, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999)
(en banc) (finding defendant was not entitled to a jury instruction on the
analogous defense of necessity because he argued that he did not commit the
offense).  Thus, the assertion of self-defense is inconsistent with a denial of
the conduct.  Ford v. State, 112 S.W.3d 788, 794 (Tex. App.—Houston
[14th Dist.] 2003, no pet.).  To the contrary, because self-defense is a
justification for one’s actions, it necessarily requires admission that the
conduct occurred.  See Young, 991 S.W.2d at 838.

            Here,
appellant was charged with intentionally or knowingly causing bodily injury to Rojas
by striking her with his hand.  See Tex.
Penal Code Ann. § 22.01(a)(1) (defining “assault”).  For the evidence to
have supported submission of an instruction on self-defense, appellant first
had to admit that he committed the offense.  See Ford, 112 S.W.3d
at 794.  But appellant not only failed to make such an admission, he expressly
denied that he hit Rojas.  See Arguijo v. State, No. 14-06-00654-CR,
2008 WL 2133196, at *2 (Tex. App.—Houston [14th Dist.] May 20, 2008, no pet.) (mem.
op., not designated for publication) (trial court was not required to submit
self-defense instruction where the accused testified that he grabbed the
complainant to stop her from hitting him but denied striking her); cf. Torres
v. State, 7 S.W.3d 712, 716 (Tex. App.—Houston [14th Dist.] 1999, pet.
ref’d) (holding that the accused who admitted “possibly hitting her in the face
when he grabbed the hair and her forehead, struggling with her, and pushing her
away” sufficiently admitted the conduct alleged to permit a self-defense
instruction).  

Appellant
further testified that all of the witnesses were lying.  See Villarreal v. State,
No. 03-09-00291-CR, 2010 WL 4053668, at *3 (Tex. App.—Austin Oct. 13, 2010, no
pet.) (mem. op., not designated for publication) (defendant who testified that
witness who claimed to have seen defendant punching the complainant was lying
was not entitled to a self-defense instruction).  Because appellant did not
admit the offense as charged and then offer self-defense as the justification
for his conduct, but instead denied that he hit Rojas or that he acted with the
requisite mental state, the issue of self-defense was not raised by the evidence. 
See Ex parte Nailor, 149 S.W.3d 125, 132–33 (Tex. Crim. App. 2004) (appellant,
who testified that he accidently knocked an object from the complainant’s hand
and the falling object struck complainant, testified in effect to the absence
of culpable mens rea, and was not entitled to a self-defense instruction).  

            On this
record, we conclude that the trial court did not err in denying the
instruction.  We therefore overrule appellant’s first issue.

B.        Defense of
Property

            Appellant
argues in his second issue that he was entitled to a jury instruction under
section 9.41(a) of the Penal Code on the use of force for the protection of
one’s own property.  See Tex.
Penal Code Ann. § 9.41(a) (West 2003).  Under this provision, “[a]
person in lawful possession of land or tangible, movable property is justified
in using force against another when and to the degree the actor reasonably
believes the force is immediately necessary to prevent or terminate the other’s
trespass on the land or unlawful interference with the property.”  Id.  Appellant,
however, testified that he approached the complainant “[b]ecause I wanted the
vehicle, because it had been almost three, four months since I had known
anything about the vehicle.”  Thus, according to his own uncontroverted testimony,
as well as the testimony of Rojas, it was the complainant and not the appellant
who was in possession of the vehicle at the time of the altercation.  

            Where, as
here, the alleged owner of property already had been dispossessed of property
and was attempting to regain possession at the time force was used, it is not
section 9.41(a) but section 9.41(b) of the Penal Code that applies:

A person unlawfully dispossessed of land or tangible,
movable property by another is justified in using force against the other when
and to the degree the actor reasonably believes the force is immediately
necessary to reenter the land or recover the property if the actor uses the
force immediately or in fresh pursuit after the dispossession and:

(1)       the
actor reasonably believes the other had no claim of right when he dispossessed
the actor; or 

(2)       the
other accomplished the dispossession by using force, threat, or fraud against
the actor.  

Id. § 9.41(b) (emphasis added).  Appellant
presented no evidence that on March 25, 2009, appellant used force against
Rojas “immediately or in fresh pursuit after the dispossession” of the vehicle.
 To the contrary, he testified that he first asked complainant to return the
vehicle ten days after she had taken it, and complainant had been in possession
of the vehicle for approximately three months at the time of the assault.  See
Salley v. State, No. 14-97-00656-CR, 2000 WL 552193, at *3 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d) (not designated for publication)
(appellant’s use of force was not immediately after or in fresh pursuit after
dispossession when he walked down to his van, retrieved a shotgun, returned
upstairs, and shot the complainant who had refused to return appellant’s
revolver); Hall v. State, No. 01-88-00511-CR, 1989 WL 21835, at *2 (Tex.
App.—Houston [1st Dist.] 1989, no pet.) (not designated for publication) (appellant
who used force in an attempt to recover a wrecker approximately one hour after
it was taken did not act “immediately or in fresh pursuit”); Black’s Law Dictionary 667 (6th ed. 1990)
(“One from whom property has been taken may use reasonable force to retake it
if such force is used immediately after the taking.  Sometimes referred to as
hot pursuit.”).  We accordingly overrule appellant’s second issue. 

III.  Conclusion

            Because the
trial court did not err in refusing to charge the jury on appellant’s theories
of self-defense and protection of property, we affirm the trial court’s
judgment. 

                                                                        

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices
Seymore, Boyce, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Capitalization
normalized.