

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00426-CR

Richard Able **TELLEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR3176
Honorable Laura Lee Parker, Judge Presiding[1]

Opinion by: Irene Rios, Justice

Sitting: Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: May 29, 2019

AFFIRMED

A jury convicted appellant Richard Tellez of aggravated assault with a deadly weapon, and

the trial court assessed punishment at twenty-five years' imprisonment. In a single issue on appeal,

Tellez contends he received ineffective assistance of counsel. We affirm.

---

[1] The Honorable Raymond Angelini presided over the guilt/innocence stage of the trial, and the sentencing hearing was held before the Honorable Laura Parker.

## BACKGROUND

On February 6, 2017, San Antonio Police Department Officer Carlos Sanchez responded to a report that someone was screaming for help from inside an apartment. When Officer Sanchez knocked on the apartment door, he "could hear horrendous screams for help." Officer Sanchez was unable to kick in the door because it was partially blocked by a sofa. Shortly thereafter, the complainant V.C. ran from the apartment followed by Tellez. Officer Sanchez detained Tellez and determined there were no other people in the apartment. After interviewing V.C., viewing her injuries, and examining the scene, Officer Sanchez arrested Tellez.

Ultimately, the State charged Tellez with aggravated assault with a deadly weapon and assault family violence-impeding breathing or circulation of the blood in a two-count indictment. The State continued to trial on only Count 1 – aggravated assault with a deadly weapon. At the close of the State's case during the guilt/innocence stage, Tellez moved for a directed verdict, which was denied. Tellez rested without putting on a case, and the jury returned a guilty verdict. Tellez elected for the trial court to determine punishment, and the trial court assessed punishment at twenty-five years' imprisonment. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Tellez asserts he received ineffective assistance of counsel because evidence adduced during the punishment hearing suggested a theory of self-defense that was not raised by the defense during the guilt/innocence stage. Tellez's ineffective assistance claim is based solely on his own testimony given during the punishment hearing. Tellez did not testify during the guilt/innocence stage. Specifically, Tellez testified to a different version of events than V.C. testified to during the guilt/innocence stage. Tellez asserted V.C. "[came] at me with a bat" and he defended himself by striking her with his elbow. Tellez additionally testified he never hit V.C. with a weapon. Tellez

therefore argues trial counsel was ineffective for failing to present a self-defense claim to the jury during the guilt/innocence stage.

To prevail on an ineffective assistance of counsel claim, Tellez must establish both that his trial counsel performed deficiently and that the deficiency prejudiced him. *See State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). With respect to the first prong, the record on appeal must be sufficiently developed to overcome the strong presumption of reasonable assistance. *See Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). Absent an opportunity for trial counsel to explain his actions, we will not conclude his representation was deficient "unless the [challenged] conduct was so outrageous that no competent attorney would have engaged in it." *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Texas procedure makes it "virtually impossible" for appellate counsel to present an adequate ineffective assistance of trial counsel claim on direct review. *See Trevino v. Thaler*, 569 U.S. 413, 423 (2013). This is because the inherent nature of most ineffective assistance of trial counsel claims means that the trial court record "will often fail to 'contai[n] the information necessary to substantiate' the claim." *Id*. at 424 (quoting *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (en banc)). Consequently, the better procedural mechanism for pursuing a claim of ineffective assistance is almost always through writ of habeas corpus proceedings. *Freeman v. State*, 125 S.W.3d 505, 511 (Tex. Crim. App. 2003).

Here, the record does not indicate why trial counsel did not raise a self-defense claim during the guilt/innocence stage. Without evidence providing trial counsel's explanation as to why self-defense was not raised, we cannot conclude that not presenting the defensive theory was not reasonable assistance. *See Thompson*, 9 S.W.3d at 813–14. Moreover, self-defense is a justification theory that necessarily requires a defendant to admit that the conduct occurred. *See Ford v. State*, 112 S.W.3d 788, 794 (Tex. App.—Houston [14th Dist.] 2003, no pet.). In his

testimony during the punishment stage, Tellez denied being the aggressor and testified that he did not hit V.C. with any weapon. Thus, the record demonstrates Tellez denied committing the conduct forming the basis of the charge against him, testimony that is clearly inconsistent with pursuing a self-defense claim. Based on the record before us, we cannot conclude that trial counsel was ineffective for not raising a self-defense claim during the guilt/innocence stage of trial.

Tellez's sole issue is overruled.

## CONCLUSION

For the reasons stated above, we affirm the trial court's judgment.

Irene Rios, Justice

DO NOT PUBLISH