

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00457-CR

Mark Wayne **EVANS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 54th Judicial District Court, McLennan County, Texas
Trial Court No. 2012-1167-C2
Honorable Matt Johnson, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  June 18, 2014

AFFIRMED

Appellant Mark Wayne Evans was found guilty of criminal mischief over $1,500.00 and sentenced to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice.  On appeal, Evans contends the evidence is insufficient to support the trial court's verdict that the pecuniary loss exceeded $1,500.00.  We affirm the trial court's judgment.

**FACTUAL BACKGROUND**

The events that transpired on March 30, 2012, are not in dispute.

**A.      Events of March 30, 2012**

Sharla McLennan was at her house when she heard "the crashing of a car." Upon opening the door, she saw Evans, her ex-boyfriend, breaking the windows of her 2006 Kia Sorento with a brick. Evans broke all four of the door windows and the front windshield. Additionally, Evans caused interior damage to both the driver door and passenger door panels. McLennan filed charges against Evans and presented officers with the Waco Police Department repair estimates exceeding $1,500.00. The State charged Evans with criminal mischief in the amount of $1500.00 or more, but less than $20,000.00.

**B.      Evidence at Trial**

Evans waived his right to a jury and the case was heard before the trial court on May 20, 2013. The only issue at trial was the amount of the damage to McLennan's vehicle.

McLennan was called as a witness in the case. She testified that after the case was indicted, she filed a motion of non-prosecution after Evans's family helped pay the cost of her insurance deductible. McLennan, however, acknowledged her desire not to prosecute was based on the money from his family and not because the events did not transpire.

There was significant testimony regarding the estimates for repair of the vehicle: McLennan's insurance company appraised the value at $1,038.87, which represented the insurance company's estimated damage to the vehicle. The Waco Auto Glass Center's invoice reflected the damaged windows were replaced at a cost of $664.67, and represented work actually performed on the vehicle. Finally, Millennium's Image estimated the repairs to the door panels at a cost of $1,813.96. The Millennium's Image estimate was a written estimate provided for McLennan shortly after the incident, but the work was never completed. Ramon Avila, the individual

responsible for the estimate, testified that because the door panels were plastic, replacement was the only option.

McLennan explained that although the insurance appraisal was $1,038.87, the insurance company adjusted the amount based on her $500.00 deductible and she received a check in the amount of $538.87. She further testified the Evans family paid her $500.00 to cover the amount of her deductible. McLennan told the court that after receiving the insurance estimate, she called several places before determining Waco Auto Glass could make the repairs for less.

Although McLennan testified that she believed the $1,038.87 represented the entire damage done to her vehicle, she conceded on questioning by the trial court that the insurance appraisal did not include the interior damage to the door panels—the brick caused a hole in one panel and cracked the other panel. Additionally, McLennan testified that she had other bills to pay and that she made the choice only to repair the windows; at the time of trial, the door panels were still damaged.

The trial court found Evans guilty of criminal mischief over $1,500.00 but less than $20,000.00 and sentenced Evans to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice.[1] Evans brings this appeal.

### STANDARD OF REVIEW

In reviewing the legal sufficiency of the evidence, an appellate court determines whether, viewing "all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Hardy v. State*, 281 S.W.3d 414, 421 (Tex. Crim. App. 2009); *accord Brooks v. State*, 323 S.W.3d 893, 899 (Tex.

---

[1] Although Evans was charged with a state jail felony, the State's indictment also alleged Evans committed two non-state jail felonies prior to the commission of the charged offense, making Evans's offense punishable as a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a)(2) (West 2013).

Crim. App. 2010); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We must defer to the fact-finder's assessment of the credibility of the witnesses "and the weight to be given to their testimony," *Brooks*, 323 S.W.3d at 899, and allow for reasonable inferences from the evidence presented. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The trial court, as the trier of fact in a bench trial, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995); *accord Dearborn v. State*, 420 S.W.3d 366, 372–73 (Tex. App.—Houston [14th Dist.] 2014, no pet.). We presume the trier of fact resolved any conflicting inferences and issues of credibility in favor of the judgment. *Joseph*, 420 S.W.3d at 373.

The key question is whether "the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *See Williams*, 235 S.W.3d at 750. Only upon a finding the evidence is legally insufficient will this court reverse the trial court's judgment and order an acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41 (1982). This legal sufficiency standard applies equally to both direct and circumstantial evidence. *Clayton*, 235 S.W.3d at 778; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

### CRIMINAL MISCHIEF

Texas Penal Code section 28.03(a)(1) provides that a person commits the offense of criminal mischief when "he intentionally or knowingly damages or destroys the tangible property . . . without the effective consent of the owner." TEX. PENAL CODE ANN. § 28.03(a)(1) (West 2011). The amount of pecuniary loss determines the penalty range. *Id.* § 28.03(b). When the amount of the "loss is $1,500 or more but less than $20,000," the offense is a state jail felony. *Id.* § 28.03(b)(4)(A).

In accordance with section 28.06 of the Penal Code, pecuniary loss is determined by whether the property is damaged or destroyed. *Id.* § 28.06. If the property is destroyed, the amount

of loss is the fair market value at the time of the destruction or, if that cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction. *Id.* § 28.06(a). If the property is damaged, the amount of loss is "the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred." *Id*. § 28.06(b).

## A.      Arguments of the Parties

Evans argues the panels were damaged, not destroyed; and, before the trial court can consider replacement cost, the State must establish the property was destroyed under section 28.06(a). *Id.* § 28.06(a). He further contends the door panels could not have been destroyed because they were still in working condition. Evans argued that because the State only introduced replacement costs of the door panels, a value only available in the event of destruction, the State offered no competent evidence of pecuniary loss.

The State asserts the indictment alleged McLennan's vehicle was damaged or destroyed and the vehicle is the unit of measure for repair costs. The State further argues whether McLennan elected to have the door panels replaced is irrelevant to the trial court's determination of pecuniary loss.

## B.      Pecuniary Loss

The reimbursement cost of $664.67 to repair the windows is uncontroverted. The only issue before this court is whether the estimate to replace the door panels is part of McLennan's pecuniary loss.

Although Evans points to McLennan's testimony that she believed the $1,038.87 insurance appraisal constituted the amount of damage she suffered, unless the complainant is qualified as an expert, "an estimate of damage or an opinion on the amount of damage without further evidence is insufficient to prove the cost of repair." *English v. State*, 171 S.W.3d 625, 629 (Tex. App.— Houston [14th Dist.] 2005, no pet.); *accord Holz v. State*, 320 S.W.3d 344, 350 (Tex. Crim. App.

2010). Unlike the facts in the cases cited by Evans, here, there was other testimony presented before the trial court. Ramon Avila, the individual from Millennium's Image with the expertise to prepare an estimate, testified without objection before the trial court. He not only provided a written estimate, but explained that because the door panels were plastic, they could not be repaired and replacement was the only option. *Cf. Holz*, 320 S.W.3d at 345 (owner conceded "he did not attempt to ascertain the cost or feasibility of cleaning the carpet rather than replacing it"). Whether McLennan chose to make the repairs is irrelevant to our determination. *Elomary v. State*, 796 S.W.2d 191, 193 (Tex. Crim. App. 1990) (holding damaged property need not be repaired).

## CONCLUSION

Because Avila was competent to testify regarding the pecuniary loss associated with the door panels, we conclude the $1,813.96 estimate was evidence of pecuniary loss. Similarly, the $664.67 invoice from Waco Auto Glass represented the amount McLennan actually paid to repair the damaged windows, which also represented pecuniary loss. After a review of the entire record, and considering the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found the pecuniary loss suffered, as a result of Evans's actions, was $1,500.00 or more but less than $20,000.00. TEX. PENAL CODE ANN. § 28.03; *see also Hardy*, 281 S.W.3d at 421; *Brooks*, 323 S.W.3d at 899.

The trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

DO NOT PUBLISH