

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00372-CR

Aundrea Edward **MATHIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 9, Bexar County, Texas
Trial Court No. 555225
Honorable Walden Shelton, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:     Sandee Bryan Marion, Chief Justice
     Luz Elena D. Chapa, Justice
     Beth Watkins, Justice

Delivered and Filed: March 13, 2019

AFFIRMED

The sole issue argued on appeal is whether the evidence is legally sufficient to support

Mathis's conviction of interference with public duties. We affirm the trial court's judgment.

### BACKGROUND

The information in the underlying cause charged Mathis as follows:

> on or about the 28th Day of September, 2017, AUNDREA EDWARD
> MATHIS did then and there, while J Rodriguez, a peace officer was performing a
> duty and exercising authority imposed and granted by law, namely:
> INVESTIGATING A COMPLAINT and INTERVIEWING A WITNESS, with
> criminal negligence interrupt, disrupt, impede and interfere with J Rodriguez by
> hindering communication;

Mathis pled not guilty and waived his right to a jury trial. The only witnesses to testify at trial were two law enforcement officers.

Deputy John Rodriguez testified he is a certified peace officer. On September 28, 2017, Deputy Rodriguez and his partner, Deputy Ruben S. Morales, Jr., were dispatched to a home to do a welfare check on a fourteen-year-old child named Frances. Deputy Rodriguez testified a welfare check is a duty he frequently performs and is in response to a complaint received by dispatch. When the deputies arrived at the location, Deputy Rodriguez was the first to exit his vehicle and observed Mathis on the telephone in the front yard. Mathis walked to the front door before returning to where Deputy Rodriguez was standing. Deputy Rodriguez explained he was there to do a welfare check on Frances and needed to speak with the child. Mathis told Deputy Rodriguez the child was not there. Deputy Rodriguez then asked if the child's mother was there, and Mathis stated she was not. Deputy Rodriguez asked if he could call the child's mother, and Mathis stated she could not take calls. As the men were talking, they were moving toward the front door. Because Deputy Rodriguez did not believe Mathis was telling him the truth, he wanted to knock on the front door. Deputy Morales also moved toward the front door and was standing on Mathis's left side. At that time, noises could be heard from inside the house, but Mathis denied anyone was inside. After a few seconds, the child's mother exited the door, and Deputy Rodriguez asked if she was the child's mother. Immediately after the child's mother responded yes, the child exited the door. Mathis grabbed the child and her mother and physically pushed them back inside and cursed at them to "get the F inside, I told you to stay the F inside." Deputy Rodriguez testified Mathis's actions hindered his communication with the child and her mother by preventing him from asking them any questions. Deputy Rodriguez further testified any reasonable person would assume shoving someone inside a house is hindering communication with that person. When

Mathis attempted to close the door, Deputy Rodriguez was concerned about the welfare of the child, and he pushed the door open and placed Mathis under arrest.

On cross-examination, Deputy Rodriguez was asked questions regarding the information contained on the dispatch log regarding the complaint that led to the welfare check. A relative of the child made the complaint because the child was not in school. The dispatch log further stated, "the call taker advised that she [the caller] will have to evict the subject."

Deputy Morales testified the welfare check was for a fourteen-year-old child. The caller who made the complaint was concerned because "the child hadn't shown up for school for a little while." Deputy Morales testified that when the child and her mother exited the house, Deputy Rodriguez tried to speak to the child, but Mathis interrupted and began pushing the child and her mother back inside which hindered the communication between Deputy Rodriguez and the child.

After hearing the evidence, the trial court found Mathis guilty of the offense and sentenced him to 178 days in jail. Giving Mathis credit for time served, the trial court announced the judgment was satisfied. The trial court also imposed a $2,000 fine and ordered Mathis to pay court costs. Mathis appeals.

## STANDARD OF REVIEW

"When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In a bench trial, the trial court, as the trier of fact, is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995); *Dearborn v. State*, 420 S.W.3d 366, 373 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "In performing our sufficiency review, we may not re-evaluate the weight

and credibility of the evidence or substitute our judgment for that of the fact finder." *Bohannan v. State*, 546 S.W.3d 166, 178 (Tex. Crim. App. 2017).

## DISCUSSION

Section 38.15(a)(1) of the Texas Penal Code entitled "Interference with Public Duties" provides "[a] person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law." TEX. PENAL CODE ANN. § 38.15(a)(1). The term "criminal negligence" is defined as follows:

> A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX. PENAL CODE ANN. § 6.03(d). Therefore, the State was required to prove that Mathis ought to have been aware of a substantial and unjustifiable risk that his actions interrupted, disrupted, impeded or otherwise interfered with Deputy Rodriguez by hindering his communication as he was investigating a complaint and attempting to interview a witness, and Mathis's failure to perceive the risk was a gross deviation from the standard of care an ordinary person would exercise.

In this case, Deputy Rodriguez was performing a duty in conducting a welfare check. In order to complete his duty, he informed Mathis that he needed to speak with the child or the child's mother. By physically pushing the child and her mother back inside the house, Mathis hindered Deputy Rodriguez's communication with them, and Mathis ought to have been aware of a substantial and unjustifiable risk that pushing the child and her mother into the house impeded or otherwise interfered with Deputy Rodriguez's duty to investigate the complaint by interviewing

the child and her mother. *See Barnes v. State*, 206 S.W.3d 601, 605 (Tex. Crim. App. 2006) (holding evidence sufficient when actions taken by defendant interfered with the officer's duties); *Trevino v. State*, 512 S.W.3d 592, 596 (Tex. App.—El Paso 2017, no pet.) (holding evidence sufficient when actions taken by defendant impeded officer's actions).

In his brief, Mathis relies heavily on *Carney v. State*, 31 S.W.3d 392 (Tex. App.—Austin 2000, no pet.). In that case, however, the court held the defendant did not take any "physical action" that prevented the officers from entering a house to exercise a warrant. *Id*. at 398. Instead, the court concluded, "There is nothing to show appellant reached or touched Jones or any other officer, or by his reaching, blocked entry into appellant's home." *Id*. *Carney* is readily distinguishable from the facts in this case because Mathis engaged in the physical action of pushing the child and her mother inside the house.

Mathis also refers to the statutory defense available if the "interruption, disruption, impediment, or interference alleged consisted of speech only." TEX. PENAL CODE ANN. § 38.15(d). We disagree, however, that Mathis's actions in pushing the child and her mother were "speech only." Even if Mathis had only used words, we note the Texas Court of Criminal Appeals has held, "words that are specifically designed to prompt an associate to action are not simply speech, but are conduct that may be treated accordingly." *Barnes*, 206 S.W.3d at 606.

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH