

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00035-CR

———————————————

RICCI CHAMBLESS BRADDEN II, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1518397R

Before Sudderth, C.J.; Gabriel J.; and Lee Ann Dauphinot (Senior Justice, Retired,
Sitting by Assignment)
Memorandum Opinion by Justice Dauphinot

## MEMORANDUM OPINION

Appellant Ricci Chambless Bradden II was charged by indictment with the second-degree felony offense of aggravated assault with a deadly weapon of Quinisha Johnson, his wife, and the first-degree felony offense of murder of Anthony Antell Jr., known as T.J. In a bench trial, Appellant pled not guilty by reason of self-defense to the murder charge and guilty to the aggravated assault charge. The trial court rejected Appellant's self-defense claim, found him guilty of both offenses, and sentenced him to seventy-five years' confinement for the murder conviction and twenty years' confinement for the aggravated assault conviction, ordering the sentences to be served concurrently. Appellant timely filed a notice of appeal. On appeal, he does not challenge his conviction and sentence for the aggravated assault of his wife. Instead, in a single point, he challenges the sufficiency of the evidence to support his murder conviction, contending that the evidence was legally insufficient to support the trial court's implicit rejection of his claim that he acted in self-defense. Because the evidence sufficiently supports Appellant's murder conviction and the trial court's rejection of his self-defense claim, we affirm the trial court's judgment.

## BRIEF FACTS

Appellant was in the military and was stationed at Fort Hood in Killeen, Texas. Johnson worked at a Walgreens pharmacy in Arlington, Texas. On the morning of May 2, 2016, Appellant surprised Johnson by walking into the Walgreens where she worked. She knew he was restricted to the base as a disciplinary sanction, and he had

2

not told her that he was coming to Arlington. Johnson and Appellant went outside. They argued, and Johnson told Appellant that she did not want to argue at work and then turned to go back inside the Walgreens. Appellant pulled out a handgun and shot toward her foot. She turned to run, and he shot again.

Johnson managed to get inside the store, where she fell to the floor, bleeding and screaming that her husband had shot her and for someone to close the doors so he could not come back in. A manager disabled the automatic door opener to keep Appellant from re-entering the store.

T.J. was inside the store. His wife Crystal and their two children were in the family's car in the parking lot. After Johnson was shot, T.J. called Crystal and told her to throw his gun out the car window and to "get the hell out of [t]here." She told him she couldn't do that and that she thought Appellant was "coming right towards" their car. At trial, she described Appellant driving his vehicle erratically toward their car. T.J. ran to their car and grabbed his gun. As Appellant pulled his pickup in front of the store's closed doors and toward T.J. and Crystal's car with her and the children inside, T.J. stepped in front of Appellant's pickup, pointed a handgun at Appellant through the pickup's windshield, and ordered him to stop. When Appellant stopped the pickup, T.J. moved toward the driver's door and ordered Appellant to get out of the pickup. As Appellant got out of the pickup, T.J. moved closer to him, pointing his gun at Appellant's head. Appellant then turned his gun toward T.J. and shot him

3

four times in the head and chest, killing him.  Appellant got back into his pickup and drove away.  Later, he turned himself in to the police.

## STANDARD OF REVIEW

Federal due process requires that the State prove beyond a reasonable doubt every element of the crime charged.[1]  In our due-process evidentiary-sufficiency review, we view all the evidence in the light most favorable to the judgment to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt.[2]  This standard of review also applies to the rejection of a defendant's self-defense claim.[3]

Although Appellant argues in terms of legal sufficiency, the law is well established that there is no meaningful distinction between the legal sufficiency standard and the factual sufficiency standard.[4]  Thus, the *Jackson* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to

---

[1]*Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 2787 (1979); *see* U.S. Const. amend. XIV.

[2]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

[3]*Braughton v. State*, 569 S.W.3d 592, 609 (Tex. Crim. App. 2018); *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991); *Hines v. State*, 570 S.W.3d 297, 302 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

[4]*Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126, 131–32 (Tex. Crim. App. 1996)).

4

prove beyond a reasonable doubt."[5] As the Texas Court of Criminal Appeals has explained,

> In jury trials and in bench trials, we view the evidence in the light most favorable to the verdict in order to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. A conviction that is not rationally based on the evidence violates the Due Process Clause, whether a judge or jury sits as the fact finder in the case.[6]

## BURDEN OF PROOF

To prove a person guilty of murder, the State must prove beyond a reasonable doubt that the accused intentionally or knowingly caused the death of the individual named in the indictment.[7] But it is a defense to prosecution that the accused's conduct was justified under Chapter 9 of the Texas Penal Code.[8] One statutory justification is self-defense:

> [A] person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force.[9]

---

[5]*Id.*

[6]*Robinson v. State*, 466 S.W.3d 166, 172 (Tex. Crim. App. 2015) (citations omitted).

[7]Tex. Penal Code Ann. § 19.02(b)–(c).

[8]*Id.* § 9.02.

[9]*Id.* § 9.31(a).

5

In a factual scenario like the one in this case, "[a] person is justified in using deadly force . . . if [he is] justified in using force" under the section quoted above and "reasonably believes deadly force is immediately necessary . . . to protect against the other[ person]'s use or attempted use of unlawful deadly force[.]"[10]

To support a self-defense claim, the burden of production lies with the defense. That is, a defendant who raises self-defense to defeat a murder charge bears the initial burden to produce some evidence to support his self-defense claim.[11] Once the defendant satisfies this burden of production, the burden of persuasion rests with the State to disprove the defense.[12] "This burden does not require the production of additional evidence rebutting self-defense; it requires the State to prove its case beyond a reasonable doubt."[13] When the trier of fact finds the defendant guilty, there is an implicit finding rejecting the defendant's self-defense claim.[14]

Our sister court in Houston has cogently explained that when a defendant challenges the sufficiency of the evidence to support the rejection of a self-defense claim in a bench trial,

---

[10]*Id.* § 9.32(a)(1), (2)(A).

[11]*Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003).

[12]*Id.*

[13]*Dearborn v. State*, 420 S.W.3d 366, 372 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

[14]*Id.*

6

the question is not "whether the State presented evidence which refuted appellant's self-defense [evidence]." Rather, we examine all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found beyond a reasonable doubt (1) the essential elements of the alleged offenses, and (2) against [A]ppellant on the self-defense issue. The trial court, as the trier of fact in a bench trial, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Therefore, we presume the trier of fact resolved any conflicting inferences and issues of credibility in favor of the judgment. The trier of fact is free to accept or reject defensive evidence on the issue of self-defense.[15]

## ANALYSIS

Appellant's argument challenging the sufficiency of the evidence to support the trial court's rejection of his defense relies on his testimony regarding his subjective views of T.J.'s knowledge about Johnson's shooting and Appellant's not knowing who T.J. was and being no threat to him.

But Appellant was not the sole witness, and his testimony was contradicted by Crystal and other witnesses, as reflected above in our recitation of the facts. Additionally, the State offered various exhibits the trial court could have considered, including video surveillance footage shot from inside the Walgreens showing the front glass doors and, through those doors, the parking lot directly in front of the store. The video shows Appellant entering the store and then exiting. It shows Johnson leaving after Appellant, remaining outside for two or three minutes, and a customer leaving through the same door but then running back inside. Soon Johnson comes

---

[15]*Id.* at 372–73 (alteration in original) (citations omitted) (quoting *Saxton*, 804 S.W.2d at 914).

inside, hopping and obviously injured. T.J. is speaking on his cell phone and walks cautiously outside. A pickup appears from the right, then the two men scuffle outside the truck, and T.J. falls to the ground.

Appellant argues in his brief, however, that because T.J. did not see Appellant shoot Johnson, T.J. had no possible way to know that Appellant had been engaged in any criminal activity. Appellant contends that the statutory exception to his own use of self-defense was inapplicable and that he had no duty to retreat, relying on Section 9.32(b) and (c) of the Texas Penal Code.[16] Those provisions provide in pertinent part,

> (b)     The actor's belief under Subsection (a)(2) that the deadly force was immediately necessary as described by that subdivision is presumed to be reasonable if the actor:
>
>> (1)     knew or had reason to believe that the person against whom the deadly force was used:
>>
>>> (A)     unlawfully and with force entered, or was attempting to enter unlawfully and with force, the actor's . . . vehicle . . . ;
>>>
>>> (B)     unlawfully and with force removed, or was attempting to remove unlawfully and with force, the actor from the actor's . . . vehicle . . . [;]
>>
>> . . .
>>
>> (2)     did not provoke the person against whom the force was used; and
>>
>> (3)     was not otherwise engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic at the time the force was used.

---

[16]Tex. Penal Code Ann. § 9.32(b), (c).

(c) A person who has a right to be present at the location where the deadly force is used, who has not provoked the person against whom the deadly force is used, and who is not engaged in criminal activity at the time the deadly force is used is not required to retreat before using deadly force as described by this section.[17]

The record belies Appellant's contentions. Nothing in the record shows whether T.J. could or could not see Appellant going from the scene of the shooting to his pickup. Johnson, however, did say her husband had shot her and she was afraid he would come back inside to kill her. And T.J. did go quickly toward the glass doors. He called his wife Crystal to inform her that she and the children were in danger. Crystal told him the shooter was driving erratically toward her car. T.J. ran outside and saw the pickup driving in the direction of his wife and children. T.J.'s conclusion that the driver of the pickup was the shooter would have been reasonable. T.J. was justified in protecting his family.[18]

Moreover, nothing suggests T.J. did not see Appellant running from the scene of the shooting. The video reveals glass doors that gave a clear view onto the parking lot outside. T.J. knew Johnson's husband had shot her. T.J. could reasonably conclude that Appellant was either fleeing the scene or coming inside to continue his assault. Article 14.01(a) of the Texas Code of Criminal Procedure provides that "[a] peace officer or any other person, may, without a warrant, arrest an offender when the

---

[17] *Id.*

[18] *See id.* § 9.33.

offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.[19] Thus, T.J. was justified in seizing Appellant as a person who had committed a felony in in his presence.

Appellant did not have the right to shoot a person who was lawfully defending his family from deadly force or lawfully trying to stop Appellant from fleeing the scene of the shooting or from forcing his way back inside the Walgreens to continue his assault on his wife.

The trial judge, as the trier of fact, was the sole judge of the credibility of the witnesses and the weight to be given their testimony and was free to accept or reject any or all testimony of the witnesses,[20] as well as any or all physical exhibits.[21] Viewing all the evidence in the light most favorable to the judgment, and applying the appropriate standard of review, we hold that the evidence is sufficient to support Appellant's murder conviction and the trial court's rejection of his claim of self-defense.[22] We therefore overrule Appellant's sole point on appeal.

---

[19]Tex. Code Crim. Proc. Ann. art. 14.01(a).

[20]*Dearborn*, 420 S.W.3d at 372–73.

[21]*Saxton*, 804 S.W.2d at 914 ("Defensive evidence which is merely consistent with the physical evidence at the scene of the alleged offense will not render the State's evidence insufficient since the credibility determination of such evidence is solely within the jury's province and the jury is free to accept or reject the defensive evidence."); *see also Braughton*, 569 S.W.3d at 609 (quoting same).

[22]*See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Braughton*, 569 S.W.3d at 609.

**CONCLUSION**

Having overruled Appellant's sole point, we affirm the trial court's judgment.


/s/ Lee Ann Dauphinot
Lee Ann Dauphinot
Justice


Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 15, 2019